# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                   CRIMINAL ACTION NO: 1:98cr42

ERIC GRUBBS                                                           PETITIONER

ORDER

This matter comes before the Court on petitioner's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket entry no. 91]. The defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, information provided by the United States Probation Office, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

The petitioner now moves for a reduction of his sentence pursuant to Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses. Amendment 706 went into effect on November 1, 2007. On December 11, 2007, the United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, which became effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. §

3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

On October 28, 1998, pursuant to a plea agreement with the government, the petitioner pleaded guilty to conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. 846. On July 13, 1999, the petitioner was sentenced to 148 months of imprisonment, to be followed by five years of supervised release. Pursuant to U.S.S.G. § 2D1.1, the petitioner's conviction as to Count 1 called for a base offense level of 26. However, prior to this conviction, the petitioner was previously convicted on four separate occasions for felony controlled substances offenses. Therefore, the petitioner is considered a career offender within the meaning of U.S.S.G. § 4B1.1., and his criminal history category is VI.

In accordance with the provisions found in U.S.S.G. § 4B.1.1, because the petitioner is a career offender, his offense level was increased to 37 because the statutory maximum for the count of conviction was life. The petitioner did accept responsibility for his conduct. As a result, the offense level was reduced by three points to 34, pursuant to U.S.S.G. § 3E1.1(a) and (b). Based on a total offense level of 34 and a criminal history category of VI, the guideline range of imprisonment was 262 to 327 months. The government filed a motion for downward departure and the petitioner's guideline range was reduced to 28. Based on a total

offense level of 28 and a criminal history category of VI, the guideline range for imprisonment was 140 to 175 months. As previously stated, the petitioner received a sentence of 148 months imprisonment.

The Court finds that petitioner is not eligible for a sentence reduction. The petitioner's guideline range was derived from his status as a career offender, not the quantity of crack cocaine involved in the offense. As a result, he was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence [docket entry no. 91] is **DENIED.**

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 12th day of January 2010.

                                       s/ David Bramlette
                                   **UNITED STATES DISTRICT JUDGE**